**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20937**
**H-96-CV-2151**
_____


**JOHNNIE RAY ROBINSON,**

**Plaintiff-Appellee,**

**versus**

**T. L. MASSEY, Captain; ET AL,**

**Defendants,**

**DAN MORALES, Attorney General,**
**State of Texas,**

**Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**

_____


June 8, 2000

Before JONES and BENAVIDES, Circuit Judges, COBB, District Judge.[*]

PER CURIAM:[**]

To remedy the incompetence displayed by a junior member of the former Texas Attorney General's office, who attempted to obtain a three-strikes dismissal of a prisoner suit based on

_____

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

another prisoner's court filings, the district court sanctioned former Attorney General Dan Morales $500. From this penalty, the Attorney General's office appeals. We sympathize with the court's frustration that it had to correct the State's obvious error and produce its own three-strikes information, but sanctioning the state's Attorney General went too far.

The court's order under Rule 11 is reviewed for abuse of discretion. Some sanction would have been appropriate against the AAG who filed the incorrect pleadings, and we acknowledge that Rule 11 permits sanctioning of non-signers of pleadings who are "responsible" for the violation. But there is no indication that Morales had anything to do with this insignificant prisoner case, one among thousands handled by the Attorney General's office each year. The court's assertion that the former attorney general was "a total stranger to leadership" represents a petulant personal opinion rather than a conclusion grounded in this case. It was improper to sanction Morales.

Since the court expressly declined to sanction the culpable AAG, the award must be reversed. This should offer no great comfort to the Attorney General's office in the future, however. Rule 11 was devised to cover exactly the sort of misinformation purveyed to the court in this case. Only good luck saved the state official.

**REVERSED.**